MILLER, Judge.
The trial court granted workmen’s compensation benefits to the March 22, 1970 date of trial. The hazardous employment, the accident, and the rate of compensation benefits were admitted. Plaintiff appeals seeking total and permanent disability benefits together with penalties and attorney’s fees. Defendant answered the appeal seeking a January 19, 1970 termination of compensation benefits.
On July 17, 1969, while cutting steel with a cutting torch, plaintiff allegedly fell from a height estimated at from 15 to 25 feet. He was hospitalized and placed under the care of Dr. Edmund C. Campbell of Lake Charles. He suffered a crack (no displacement) of two ribs which healed in about six weeks, a mild lumbosacral strain or sprain and had complaints concerning his pelvic region. He was released from the hospital on July 22nd, and was seen by Dr. Campbell on July 31, August 11, 18, 28 and September 11, 1969. Dr. Campbell discharged him at that time effective September 19, 1969, with the notation that the patient did not agree that he was able to return to work, but there were no objective symptoms to justify his complaints.
Compensation benefits were terminated September 19, 1970. Plaintiff then sought treatment from Dr. S. F. Price of Lake Charles on fifteen visits from September 17, 1969 until January 19, 1970. As of January 19, Dr. Price was of the opinion that plaintiff was able to return to work.
Dr. Leonard K. Knapp of Lake Charles examined plaintiff on behalf of defendants. At the time of his January 26, 1970 examination, Dr. Knapp found plaintiff able to return to work.
The only testimony supporting the position of plaintiff and his wife (that plaintiff was disabled as of the date of trial) is that of Dr. Robert Emery Dupre of Ville Platte. He first examined plaintiff on November 20, 1969, and at that time made arrangements to hospitalize plaintiff on November 25th. Plaintiff was discharged from the hospital on December 5th, 1969, but was treated by Dr. Dupre on January 10, 22, February 6 and 21 prior to giving his deposition on March 5, 1970.
Based primarily on plaintiff’s complaints, Dr. Dupre was convinced that plaintiff could not return to work. He found that plaintiff had improved substantially under his care, and would probably be fully recovered within two or three months. Tr. 50, 52.
Dr. Dupre thought that plaintiff’s “mind is suffering a whole lot more than maybe he is, actually, because he has a traumatic neurosis.” Tr. 28. Dr. Dupre thought that the traumatic neurosis was “ * * * the main diagnosis of this man here at the present time.” Tr. 35. Nevertheless, Dr. Dupre did not think that plaintiff needed to see a psychiatrist. Tr. 57.
The trial judge was impressed with plaintiff’s testimony and it was primarily on that basis that benefits were awarded to March 11, 1970.
*264 Penalties and attorney’s fees were denied because the treating physician Dr. Edmund C. Campbell discharged plaintiff to return to work as of the date benefits were terminated.
We find no manifest error. The judgment of the trial court is affirmed. All costs of this appeal are taxed one-half to plaintiff and one-half to defendant.
Affirmed.